CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 07, 2024
LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **JOSEPH KETCHUM,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00397 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PAULA HILL, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Joseph Ketchum, Pro Se Plaintiff.*

The  plaintiff,  a  Virginia  inmate  proceeding  pro  se,  filed  this  civil  rights

action pursuant to 42 U.S.C. § 1983.  Ketchum's claims concern alleged events

during his incarceration at the Duffield Regional Jail (the Jail).  Compl. 2, ECF No.

1.  Liberally construed, his brief allegations state as follows:

> Claim 1: On April 23rd, 2024, I was to be screened for outside work.
> Still have no status update on it.  Counselor Barbor said this.
>
> Claim 2: On May 2nd, 2024, Counselor Hill told me that I was unable
> to work due to my previous charges of kidnapping, strangulation, and
> fail to stop for police.  I was not found guilty of these charges.
>
> Claim 3: On May 7th, 2024, Counselor Hill failed to provide me with a
> 1983 form.  On May 27th, 2024, Counselor Hill failed to provide me
> with a 1983 form.
>
> Claim 4: On May 27th, 2024, Counselor Hill stated she didn't tell me
> that she would let me know when a job comes available.

>    Claim 5: I've asked the programs department for a job multiple times
>    but they are being prejudice when selecting people for the jobs.

*Id.* at 2, 4.  As relief in this lawsuit, Ketchum states that he seeks to "have penalty

on each defendant, approve me for a job within the facility or outside of the

facility."  *Id.* at 3.  Upon review of the record, I find that this action must be

summarily dismissed for failure to state a claim.

Section 1983 permits an aggrieved party to file a civil action against a

person for actions taken under color of state law that violated his constitutional

rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  Under 42 U.S.C.

§ 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison

conditions . . . if the court is satisfied that the action is frivolous, malicious, [or]

fails to state a claim upon which relief can be granted."  To avoid such a dismissal,

the plaintiff's "[f]actual allegations must be enough to raise a right to relief above

the speculative level," to one that is "plausible on its face," rather than merely

"conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Prisoners do not have a constitutionally protected right to work at a job

while incarcerated, or to remain in a particular job once assigned.  *Altizer v.*

*Paderick*, 569 F.2d 812, 813 (4th Cir. 1978).  In fact, an inmate may be removed

from a prison job without a hearing at the discretion of prison officials.  *Id.*

Therefore, I will summarily dismiss Ketchum's claims that the defendants

somehow violated his constitutional rights by not providing him with a job (Claims 1, 2, 4, and 5).

Ketchum vaguely complains in Claim 5 that officials somehow showed "prejudice" in their selection of other inmates to assign to unspecified jobs. Compl. 4, ECF No. 1.  Liberally construed, Ketchum's allegations are attempting to claim that the defendants violated his rights under the Equal Protection Clause.

> Under the Equal Protection Clause, "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  To state an equal protection violation, a plaintiff must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and (2) that the differing treatment resulted from intentional discrimination.  *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

*Vicars v. Clarke*, No. 7:20CV00152, 2021 WL 276168, at *3 (W.D. Va. Jan. 27, 2021).  Ketchum fails to state facts showing that he is similarly situated in all relevant respects to inmates who have been assigned jobs at the jail or that the defendants selected job candidates as they did out of any intentional discrimination against Ketchum.  At the most, Ketchum makes a bald assertion that the defendants acted out of unspecified prejudice in choosing job candidates.  Such generalized statements cannot suffice to state any actionable claim under § 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement.") (internal citations and quotation marks omitted).  Therefore, I will summarily dismiss Ketchum's equal protection claim.

Finally, in Claim 3, Ketchum complains that Counselor Hill failed to provide him with a § 1983 form on two occasions.  He does not state how this alleged omission violated any constitutionally protected right.  Such forms are merely an aid, not a requirement, to litigants wishing to file a § 1983 Complaint.  Moreover, Ketchum ultimately obtained the desired forms and filed this civil action and others.  An official's action that causes the inmate merely inconvenience or slight delay in pursuing his litigation efforts has not violated his constitutional right to access the courts.  *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993).

For the reasons stated, Ketchum fails to allege facts stating any claim that the actions of the defendant jail officials deprived him of any constitutionally protected right actionable under § 1983.  Therefore, I will summarily dismiss this case, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:   November 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge